## Huff *v.* Leeds.

*Contracts—Consideration—Mutual promises—Landlord and tenant—Agreement by lessor and sublessee upon removal—Reduction in rent by rebate—Assignee of sublessee may recover from lessor, when.*

1. Mutual promises constitute sufficient consideration to support a contract.
2. Where a lessee, under a lease containing the privilege of renewal of the term and no prohibition against subletting, sublets the premises, and the lessor and sublessee enter into an agreement for renewal of the lease, wherein the sublessee agrees to renew the term and also agrees to protect the lessor in certain specified particulars in case the sublessee or "his heirs or assigns, at any time within the term, desire to stop or discontinue the operation of the picture show" conducted by him upon the premises, and the lessor agrees to renew the term and to rebate $16.66 from the monthly rental, such mutual promises are sufficient consideration to support a contract.
3. In such case, where all the contract rights under the lease are assigned by the sublessee with the knowledge of the lessor, and to which he made no objections, the assignee of such sublessee may maintain an action against the lessor for the collection of the rebate agreed upon.

(Decided May 15, 1922.)

Error: Court of Appeals for Butler county.

*Mr. Ben F. Harwitz,* for plaintiff in error.
*Messrs. Andrews & Andrews,* for defendant in error.

By the Court. The claim of plaintiff below grew out of an assignment to her of certain contracts of lease for moving-picture property in Middletown.

The facts briefly stated are as follows:

The plaintiff in error, Mary C. Huff, who was the defendant below, executed a lease of her property to one Louis Nein, for a period of five years, with the option of renewal for an additional term of five years, upon the expiration of the term created in the lease. There was no prohibition as to subleasing, and Nein executed a lease of the property to Burton S. Leeds, the husband of the defendant in error, plaintiff below, upon the terms and conditions of the original lease as to rent. The rental price was $166.66 per month, payable in advance. Upon the execution of the lease by Nein to Leeds a clause was added that Leeds should pay the rent direct to the lessor, Mrs. Huff, taking receipts therefor. At the expiration of the five-year term provided in the lease, Leeds notified Mrs. Huff in writing of his desire to avail himself of the option for an additional term of five years. The notice thereof was acknowledged in writing by Mrs. Huff, and for the purpose of securing a lesser rental, and at the same time holding the original lessee, Nein, it was agreed, in writing, between Mrs. Huff and Leeds that upon the payment of the monthly rental of $166.66, provided for in the original lease, she, Mrs. Huff, would rebate to Leeds the sum of $16.66, in effect reducing the rent to $150 per month, and in the same writing it was further provided that should he or his heirs or assigns, at any time within the term, desire to stop or discontinue the operation of the picture show in such room, Mary C. Huff should have the right to use, by a competent operator, the engine, seats, etc., in the room in said business for a period of thirty days to enable her to install proper mechanism for said show.

Later, B. S. Leeds assigned all his rights in the lease to plaintiff below, Artie Leeds, his wife, who continued to pay the rental of $166.66 to Mrs. Huff, who for some months paid the rebate of $16.66, as provided in the contract. Later, Artie Leeds and B. S. Leeds executed a sublease of the property to one Theodore C. Chifas, who took possession of the property under the lease, and Mrs. Leeds during the rest of the term paid the rent of $166.66 to Mrs. Huff, but, after the taking possession of the premises by Chifas, Mrs. Huff ceased and refused to make further payments of the rebate of $16.66 per month, and it is for the accumulation of this rebate that this action is brought.

The agreement entered into between Mrs. Huff and B. S. Leeds is in the form of three paper writings, which together constitute the contract.

The case was tried to the court, without the intervention of the jury, and upon the evidence adduced and the law the trial court found in favor of Artie Leeds, the plaintiff, who is defendant in error here, and from that judgment, plaintiff in error prosecutes error to this court.

Three questions are made by the plaintiff in error.

The first contention is that the alleged written contract is null and void, because there was no consideration therefor.

As to this question, it is sufficient to say that the three papers contain mutual promises, which are sufficient consideration to support the contract. It must be conceded that the exercise of the option by lessee for the renewal term was influenced by the rebate of $16.66 per month, and that this concession was taken into consideration by Mrs. Huff in protecting herself in case the lessee should desire to

stop and discontinue the picture show by securing to herself the right to use the equipment for a period of thirty days.

The second claim is that the lessee made the contract impossible of performance with reference to the use of the property by Mrs. Huff, in case the picture show was discontinued, by subleasing to Chifas.

The answer to this is that the provision of the contract with reference to this matter is that should Leeds or his *heirs or assigns* at any time desire to stop and discontinue the show she (Mrs. Huff) should have the rights, etc., of the use of the equipment. The sublease of Leeds to Chifas provides, among other things, for a moving-picture entertainment, and the evidence is that it was so conducted for the full period. This defense, if anything, is merely technical.

The third question was that the plaintiff below has no interest in the contract, and could, therefore, have no cause of action against the defendant.

All the paper writings permitted the assignment of the lease, and the rights thereunder. The evidence is that the contract rights of B. S. Leeds with Mrs. Huff were assigned to Artie Leeds, all of which plaintiff in error knew, and to which she made no objections. She received the rent from Mrs. Leeds and made some payments of the rebate after the assignment to Mrs. Leeds.

The judgment of the trial court was correct and will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.